IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-000117-RBJ

JILLIAN SEEGER,

        Plaintiff,

v.

MEDTRONIC USA, INC.,
MEDTRONIC, INC., and
MEDTRONIC SOFAMOR DANEK USA, INC.

        Defendants.

_____

### STIPULATION AND PROTECTIVE ORDER
_____

IT IS HEREBY STIPULATED AND AGREED by and between the Parties to this action, Plaintiff Jillian Seeger ("Plaintiff") and Defendants Medtronic USA, Inc., Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. (the "Medtronic Defendants") and their undersigned counsel, as follows:

**A.    "CONFIDENTIAL" MATERIALS**

1.    The Parties acknowledge that there may be materials produced in this action which contain, describe, identify or refer to information of a confidential, trade secret or proprietary nature or information subject to applicable data privacy statutes and regulations (*e.g.,* the Health Insurance Portability and Accountability Act ("HIPAA") and similar statutes and regulations).  The term "trade secret" shall be defined as set forth at Colo. Rev. Stat. § 7-74-

102(4).[1]  Such materials may include, but are not limited to the Medtronic Defendants' manufacturing records, the Medtronic Defendants' device specification documents, the Medtronic Defendants' engineering and design documents, the Medtronic Defendants' device assembly/build documents, the Medtronic Defendants' internal traceability documents, Medtronic's internal device queries and databases, the Medtronic Defendants' device testing documents.  In the event any such original materials produced or documents derived from such materials after production, including but not limited to the originals as well as any copies, summaries, transcriptions, or other reproductions of such materials (hereinafter "The Materials") shall be stamped "CONFIDENTIAL" and shall be subject to the provisions of this Stipulation and Protective Order.  Documents or information provided to or received by any governmental entity (including but not limited to the United States Food & Drug Administration) may be labeled "Confidential" if any one of the following applies:  (a)  the party providing documents or information notified the governmental entity that the documents or information are confidential; (b) the documents or information are exempt from public disclosure under the Freedom of Information Act or any comparable federal or state law or regulation; or (c) the governmental entity has not made the documents or information available for public disclosure for any reason.  Documents or information provided to a non-governmental third-party person or entity

---

[1] Colo. Rev. Stat. § 7-74-102(4) provides:
  Trade secret" means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value. To be a "trade secret" the owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.

shall not be designated "CONFIDENTIAL" unless the documents or information was received or provided pursuant to non-disclosure agreement or other agreement to maintain confidentiality.

2. Counsel for a Party to this action may challenge the "CONFIDENTIAL" designation made by the producing Party of any of The Materials by first requesting a "meet and confer" with the designating Party in an attempt to amicably resolve the challenge and otherwise complying with any applicable rules regarding resolution prior to filing any motion. In the event agreement cannot be reached, the challenging Party may make written application to this Court, which application shall describe with specificity the particular materials for which the designation is being challenged and set forth with specificity any and all grounds for the challenge. The Party seeking to maintain The Materials as "CONFIDENTIAL" will bear the burden of proof as to such designation. The Materials designated "CONFIDENTIAL" shall continue to be treated as such and subject to the provisions of this Stipulation and Protective Order pending determination by the Court of the merits of any such a challenge.

3. The Materials designated "CONFIDENTIAL" shall be used for purposes of <u>this action only</u> and for no other action or purpose whatsoever and shall not, without leave of this Court, be disclosed to any person or entity other than this Court and the parties to this action and their counsel, each of whom shall have executed a copy of this Stipulation and Protective Order prior to their receipt of The Materials. Unless otherwise agreed upon in writing by the designating Party or pursuant to court order, The Materials designated as "CONFIDENTIAL" or substantially similar as described above, shall not be disclosed to any person or entity other than the following:

        a. Employees or representatives of any Party or third party who are assisting

counsel in this action and who agree to be bound by the terms of this Order and whose counsel of record in this action has executed this Order;

b.      Counsel for the respective Parties or their insurers whose firm is counsel of record in this action or are otherwise assisting in the litigation and whose law firm or office has executed this Order;

c.      Consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in this action, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not Parties; (3) they are not officers, directors, consultants or employees of Parties, of affiliates of Parties or of competitors of any Party; and (4) they have signed a declaration in the form of Exhibit A;

d.      Secretaries, paralegals and other clerical or support personnel employed by or retained by counsel for a Party, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action;  (2) they are not Parties; and (3) they are not officer, directors or employees of Parties, of affiliates of Parties or of competitors of any Party or designating Party;

e.      The Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

f.      A court reporter or videographer retained by one or more of the Parties for purposes of this litigation who has executed a declaration in the form of Exhibit 1; and

g.      The author, addressee or any other person or entity identified as a recipient of specified protected Materials who would otherwise be entitled to receive it;

        h.      Any other person identified in the discovery response, deposition testimony, or document as having knowledge of the specified Materials; and

        i.      Any witnesses testifying under oath during trial or other hearing in this litigation.

4.      The disclosure by counsel or co-counsel for a Party to this action of The Materials to experts or other consultants retained by the disclosing counsel shall not constitute a violation of, or a waiver of the protections afforded by, this Stipulation and Protective Order so long as the person to whom disclosure is made is in compliance with the terms of Paragraph 3(c) and has executed a Declaration in the form attached hereto as <u>Exhibit A</u>.  A copy of each executed Declaration in the form attached hereto as <u>Exhibit A</u> shall be maintained by counsel for Plaintiff or Defendant, respectively.  Paralegals and clerical staff employed by the disclosing counsel's office shall not be required to execute a Declaration.

5.      In the event The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 3 and 4 above, the deponent shall be required to acknowledge on the record, before any identification, discussion or disclosure of The Materials occurs that he or she has been advised of and has agreed to be bound by the terms of this Stipulation and Protective Order.

6.      All portions of any deposition transcript taken in this action wherein The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, shall also be designated as "CONFIDENTIAL" and shall be subject to the terms of this Stipulation and Protective Order.  The Parties agree they and their

employees, agents, consultants and retained experts shall be bound by the terms of this Protective Order prior to receipt of the Confidential Materials produced hereunder during deposition. If a non-party deponent who is not an employee, agent, consultant or retained expert of any party to this litigation does not consent to be bound by the terms of the Protective Order prior to being shown or asked about the Confidential Materials in their deposition, the parties may still designate as "CONFIDENTIAL" any such testimony or deposition exhibits deemed to be sensitive information of a non-public nature by either (i) requesting the court reporter to mark such testimony accordingly, or (ii) by written communication mailed within thirty (30) days after receipt by counsel or the witness of the transcript for reading and signing; all Parties shall treat a transcript as confidential during that thirty-day period.  If confidential treatment is requested on the record, the court reporter shall mark the face of the transcripts containing the designated testimony with the designation "CONFIDENTIAL." If only a portion of the transcript is deemed confidential, only that portion shall be treated as confidential.  The court reporter shall mark the face of the transcripts containing portions of confidential testimony with the designation "CONFIDENTIAL PORTIONS." If filing of transcripts is required, any transcript marked as either "CONFIDENTIAL" or "CONFIDENTIAL PORTIONS" shall be filed in accordance with the procedures set forth in Paragraphs 7-8.

7. In the event that counsel for a party wishes to identify, discuss, or disclose The Materials or the contents of The Materials designated "CONFIDENTIAL" during the course of pre-trial or trial proceedings, he or she shall, prior to each identification, discussion, or disclosure make reference to the confidential nature thereof to the Court and to counsel for the party which produced The Materials; and counsel for the producing Party may at that time, or after such

identification, discussion, or disclosure, request that public access to The Materials or the contents of The Materials designated "CONFIDENTIAL" be restricted and be subject to the terms of this Stipulation and Protective Order. The filing of materials under seal is subject to the requirements of D.C.Colo.LCivR 7.2. Pursuant to this Court's Practice Standards, a Party seeking to file Confidential Materials, such as personal information or trade secrets, should first consider redacting the Confidential Material and filing the document in which it is contained without requesting that public access be restricted. If that is not possible or practical, the Party seeking to file Confidential Material shall file a motion showing good cause, pursuant to D.C.Colo.LCivR 7.2, and request a narrow order to restrict public access.

8.  In the event The Materials designated as "CONFIDENTIAL" or transcripts or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, are filed or are otherwise deposited with the Clerk of this Court, such materials shall be filed as a restricted document pursuant to D.C.Colo.LCivR 7.2 and Paragraph 7. If hard copies are provided to the Court, in addition to electronic filing or in lieu thereof (where appropriate), they shall be lodged or deposited in a sealed envelope with the title page attached to the front of the envelope and marked as "CONFIDENTIAL."

9.  Nothing in this Stipulation and Protective Order shall be construed to preclude the producing Party from seeking additional protection for The Materials or the contents of The Materials designated as "CONFIDENTIAL" or from otherwise seeking a modification of this Stipulation and Protective Order.

10.     Counsel for the Party receiving The Materials agrees to provide the producing party a Declaration in the form attached hereto as <u>Exhibit B</u> either within 30 days of the conclusion of the action, including any appeals or no later than two years from the conclusion of the action if such materials are required to be preserved for risk management purposes.

**B.      PRIVILEGED MATERIALS**

11.     This provision is being entered into to govern the inadvertent disclosure of privileged or protected documents or materials (hereinafter the "Privileged Materials").

12.     The inadvertent production or disclosure of any Privileged Materials protected by the attorney-client privilege, the attorney work-product doctrine, a joint defense privilege or any other applicable privilege, immunity or protective doctrine (collectively "Privilege") shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of such Privilege.  In the event of inadvertent production or disclosure, the producing party may provide written notice that Privileged Materials have been inadvertently produced or disclosed.  Within seven (7) days of receipt of such notice, any person that has received such Privileged Materials shall return to the producing Party all such Privileged Materials and any copies thereof in its possession and shall make reasonable efforts to reclaim and return all such Privileged Materials.

13.     Any Party receiving materials that, on their face, appear to be covered by a Privilege, shall provide prompt notice of the disclosure to the producing Party to afford the producing Party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the claw-back provision in Paragraph 12.

14.     Nothing herein shall prevent any Party from seeking further or greater protection from the Court with respect to the treatment of Privileged Materials in connection with this

action, and nothing herein shall be construed to affect the evidentiary admissibility of any documents, testimony, information or other materials.

15. This Stipulation and Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

16. Notwithstanding the date upon which the Court entered this Stipulation and Protective Order, this Stipulation and Protective Order shall become effective and binding upon each of the Parties to this action, and each of their undersigned counsel, on the date each Party and each counsel execute same.

17. Nothing in this Stipulation and Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

18. This Stipulation and Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one and the same instrument.

19. Each of the Parties to this action and each of their undersigned counsel acknowledge that they have executed this Stipulation and Protective Order voluntarily and that the terms and provisions of this Stipulation and Protective Order have been read and understood by them.

Dated April 23, 2015.

| | |
|---|---|
| */s/ Mark R. Mclean* | */s/ Ginger Heyman Pigott* |
| Jeff M. Meyerson | Ginger Pigott |
| Mark R. McLean | GREENBERG TRAURIG LLP |
| THE MEYERSON LAW FIRM, P.C. | 1840 Century Park East, Suite 1900 |
| 2224 Walsh Tarton Ln., Ste. 120 | Los Angeles, CA 90067 |
| Austin, TX 78746 | Tel:    310.586.7700 |
| (512) 330-9001 | Fax:   310.586.7800 |
| jeffm@meyersonfirm.com | Email:  pigottg@gtlaw.com |
| markm@meyersonfirm.com | |
| | M. Antonio Gallegos |
| *Counsel for Plaintiff* | GREENBERG TRAURIG LLP |
| | 1200 Seventeenth Street, Suite 2400 |
| | Denver, CO 80202 |
| | Tel:    303.572.6500 |
| | Fax:   303.572.6540 |
| | Email: gallegosa@gtlaw.com |
| | |
| | *Counsel for Defendants* |

ORDERED this 28th day of April, 2015.

BY THE COURT:

*[signature: Brooke Jackson]*

Judge R. Brooke Jackson
United States District Court Judge

## EXHIBIT A

## DECLARATION OF _____

1.  My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2.  I am aware that a Stipulation and Protective Order has been entered in the matter, *Jillian Seeger v. Medtronic USA, Inc., et al.*, Civil Action No. 1:15-cv-000117-RBJ-MJW, United States District Court for the District of Colorado.

3.  A copy of the Stipulation and Protective Order has been shown to me, and I have read and understand its contents.

4.  By signing this Declaration, I promise that I will use the materials and contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Stipulation and Protective Order for the purpose of assisting counsel for a Party to the above-described civil action in the adjudication of that action and for no other purpose.

5.  By signing this Declaration, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Stipulation and Protective Order with, to, or for any person or entity other than the Court, a Party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Stipulation and Protective Order to attend depositions taken in the above-described civil action, and persons

or entities assisting such counsel who have executed a declaration in the same form as this Declaration.

6. By signing this Declaration, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL" pursuant to the above-described Stipulation and Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter.  I further promise at the conclusion of this case to deliver upon request <u>all</u> materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said materials be provided to me.

7. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

8. I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Stipulation and Protective Order in any manner contrary to the provisions thereof will subject me, among other things, to the summary sanctions of this Court for contempt.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.  Executed this __ day of _____, 20__, at _____.

By:_____
Signature

## **EXHIBIT B**

## **DECLARATION OF _____**

1.      My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2.      I have requested and received from _____ all of the materials, transcripts, and other things described in the Protective Order which was entered by the Court in *Jillian Seeger v. Medtronic USA, Inc., et al.*, Civil Action No. 1:15-cv-000117-RBJ-MJW, United States District Court for the District of Colorado.

3.      I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by _____ in accordance with the preceding paragraph, described in the Stipulation and Protective Order which was entered by the Court in *Jillian Seeger v. Medtronic USA, Inc., et al.*, Civil Action No. 1:15-cv-000117-RBJ-MJW, United States District Court for the District of Colorado.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct. Executed this \_\_ day of _____, 20\_\_, at _____.

By:_____
                Signature

*LA 132085829v3*